(101 App. Div. 251)

PEOPLE ex rel. ERIE R. CO. v. BOARD OF R. COM'RS OF NEW YORK et al.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. RAILROADS—ARTICLES OF ASSOCIATION—LENGTH OF ROAD—CAPITAL STOCK —CERTIFICATE OF RAILROAD COMMISSIONERS.

Where the articles of association of a railroad company gave the eastern terminus of its line as the western boundary of the city of B., the fact that the building of the road easterly of such boundary, as surveyed and staked out, would give a length of line in excess of that on which the capitalization of the company was based, did not render the articles void; and hence it was not error for the Board of Railroad Commissioners to issue their certificate required by Railroad Law (Laws 1892, p. 1395, c. 676, amended by Laws 1895, p. 317, c. 545) § 59, as a condition precedent to the exercise of the corporation's powers.

2. SAME—ARTICLES OF ASSOCIATION—PUBLICATION.

Where the articles of association of a railroad company were published in the counties in which the proposed road extended for three weeks before any hearing was had on an application to the Board of Railroad Commissioners for a certificate, under Railroad Law (Laws 1892, p. 1395, c. 676, amended by Laws 1895, p. 317, c. 545) § 59, the publication was sufficient.

3. SAME—CERTIFICATE FOR OPERATION OF ROAD.

Railroad Law (Laws 1892, p. 1395, c. 676, amended by Laws 1895, p. 317, c. 545) § 59, provides that no railroad corporation shall exercise its powers until the Board of Railroad Commissioners shall have issued a certificate of public convenience, etc. The articles of association of a railroad company gave one terminus of the road as the western boundary of a certain city, though its line had been staked out easterly into the interior of the city. *Held*, that it was not error for the Board of Railroad Commissioners to grant a certificate for the road proposed in the articles, on the ground that it was merely for a part of the road.

Certiorari, on the relation of the Erie Railroad Company, to review the determination of the Board of Railroad Commissioners in granting to the Binghamton & Southern Railroad Company a certificate under Railroad Law, § 59 (Laws 1892, p. 1395, c. 676, amended by Laws 1895, p. 317, c. 545). Determination confirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Lyon & Painter (W. D. Painter, of counsel), for relator.

Roberts, Tuthill & Rogers (Eliot Norton and Theodore R. Tuthill, of counsel), for respondent.

PARKER, P. J.   The several objections taken by the relator in this proceeding cannot, in my judgment, be sustained.

The certificate of incorporation of the Binghamton & Southern Railroad Company fixes the western terminus of its proposed road at the point where the Apalachin creek crosses the boundary line between the states of New York and Pennsylvania, and at the northern terminus of the "Pittsburg, Binghamton and Eastern Railroad Company's" road, and the eastern terminus at "the city of Binghamton." It gives the length of the proposed road at about 18 miles, and fixes its capital stock at $180,000. Upon the hearing before the Board of Railroad Commissioners, it appeared that the distance from such western termi-

nus to the city of Binghamton, viz., the western boundary thereof, is 15.3 miles, and that if the road were extended from such latter point through the city of Binghamton, along a line that had been surveyed and mapped, to a certain point in Robinson street, near the Delaware & Hudson Railroad, it would be about 4 miles longer. In that event the total length to Robinson street would be 19.3 miles.

The first objection taken is that, because the proposed line is in fact 19.3 miles, the capital stock should have been fixed at $193,000, instead of $180,000, and that there should have been paid in $19,300, instead of $18,000, and that for this reason the certificate is void. But the line as proposed in the articles of association extends no further east than the "city of Binghamton," and the certificate granted to it by the Board of Railroad Commissioners is for the road as proposed in such articles. A complete road is proposed in such articles of association, and certified as necessary, etc.; and if, under it, a road cannot be built to Robinson street (and whether one can or cannot, we express no opinon now), nevertheless such articles are not void on that account.

The next objection is that the board acquired no jurisdiction to grant the certificate required by section 59 of the railroad law (Laws 1892, p. 1395, c. 676, amended by Laws 1895, p. 317, c. 545), because the articles of association had not been published in both of the counties of Broome and Tioga, into which the proposed road extended, before the application for such certificate was made to such board. But, first, the statute does not seem to require it. Secondly, the articles of association were published for three weeks in each of such counties before any hearing was had before the board. A formal application by petition was made to the board for such a certificate on or about November 13th, but no action was then taken, except to adjourn the matter indefinitely. By December 24th, publication having been completed in both counties, the board fixed the 14th of January, 1904, as the time for the first hearing on such application; and notice of that hearing was published in those counties and given as required by such board. Thus the required publication had been made before any action whatever had been taken on the application, and the requirement and purpose of the statute in this respect was fully observed.

The objection that the Board of Railroad Commissioners has no authority to grant a certificate for a part of a proposed route is not presented by the facts of this case. The road which the board has certified as necessary, etc., is the one proposed in its articles of association. As suggested above, all that we may assume the company proposes to build is specified therein, viz., 18 miles from its western terminus to the city of Binghamton, and all that is specified therein is certified to be required by public convenience and a necessity; hence this objection is not well taken.

The objection that the evidence does not warrant the conclusion that public convenience and a necessity require the proposed road is not sustained, for the reasons stated in People ex rel. N. Y., N. H. & H. R. R. Co. v. R. R. Commissioners, 81 App. Div. 249, 81 N. Y. Supp. 20.

The determination of the Board of Railroad Commissioners, therefore, should be confirmed, with $50 costs and disbursements. All concur.